Green, J.
delivered the opinion of the court.
This is an action for an assault and battery brought by thb p]a¡ntjfFjn error, against the defendants in error. The defendants pleaded in abatement, that the plaintiff was a slave.
On the trial of-the issue, whether the plaintiff was a free man, or not, he offered in evidence a copy from the records of the county court of Rutherford, by which it appears that a petition bad been filed at the November term of that court, 1827, by Jacob Wright, executor of Mary McElhatton, setting forth that the said Mary had departed this life, having first made her will, which had been duly recorded in said court, by which she directed her negro man Stewart to be free, on his paying to his executor $ 150; that said $¡150 had been paid by him, and the said Wright having given bond and security as the law requires, the court, composed of more than nine justices, “consider and adjudge” that said Stewart be held and deemed a free man.
This copy from the minutes of the court, contains also a minute description of Stewart’s person.
*577 This evidence was rejected by the court; and a verdict and judgment were pronounced against the plaintiff.
We think the record of the proceedings of the court, by which tho freedom of the plaintiff was declared and adjudged, ought to have been read as evidence. It is true, the proceedings were not in strict conformity to the provisions of the act of 1801, c. 27. That act does not require the proceedings of the court to be entered upon its minutes; but provides, that the court shall examine the reasons set forth in the petition, and if they shall think that, acceding thereto will be consistent with the interest and policy of the state, the chairman of the court shall report on the petition accordingly, and sign his name thereto, which shall be filed in the office of the clerk of the county. It is further provided that no such petition shall be granted, unless the petitioner first enter into bonds and security to reimburse such damages as the county may sustain in consequence of such slave becoming chargeable, “and upon these requisitions being complied with, such slave shall be held and deemed free.”
In this case every thing was done which the law requires, except the making and filing the report of the chairman. But as the subject matter of that report was entered upon the minutes, in presence of the nine justices, and signed by the court, we think there is a substantial compliance with the act of assembly. The proceeding is certainly preserved in a more authentic form than would have been the case had the report been made as the act requires.
This proceeding is in.the nature of a suit for freedom. By the act of 1829, c 29, it is made the duty of an executor, where the testator may have set his slave free by his will, to petition the court accordingly; and if he fail or refuse to do so the slave is authorised to file a bill in equity, by his next friend, and upon it being made to appear to the court that such slave ought of right to be free, it shall be so ordered by the court.
In this latter case the proceeding is clearly in the nature of a suit, and so we think in the former; and in either case, if the court having jurisdiction, pronounce judgment that the applicant “shall be held and deemed free,” it is sufficient to *578 entitle him to his freedom, although there may not be the most exact regularity in the proceeding.
Let the judgment be reversed, and the cause remanded for another trial.